USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-29-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON BENSON,

                              Plaintiff,

            - against -

MICHAEL J. ASTRUE,
*Commissioner of Social Security*

                             Defendant.

**REPORT AND RECOMMENDATION**

**09 Civ. 8973 (JGK) (RLE)**

**To the HONORABLE JOHN G. KOELTL, U.S.D.J.:**

## I. INTRODUCTION

Plaintiff Leon Benson ("Benson") commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to challenge the final decision of Defendant Michael Astrue, Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. On September 7, 2011, this Court issued a Report and Recommendation ("Report") recommending remand to the Administrative Law Judge ("ALJ") for further administrative proceedings, including the proper evaluation of Benson's treating physician's opinion; proper explanation of the weight given to Benson's treating physician's opinions; reconsideration of Benson's subjective complaints in light of his treating physician's opinions; and comprehensive reconsideration of Benson's case as a whole. By Order dated September 30, 2011 ("Order"), United States District Judge John G. Koeltl adopted the Report and Recommendation in its entirety. Benson timely moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Government opposed the motion. For the reasons set forth below, I recommend that the fee application be **GRANTED**.

## II. BACKGROUND

The facts of this case were set forth in the Court's Order and need not be repeated at length here. Benson applied for DIB and SSI benefits, and his application was denied on May 9, 2008. (Mem. of Law in Supp. of Pl.'s Mot. for Att'y Fees ("Pl.'s Mem.") at 3.) Following a hearing, ALJ Mark Hecht denied Benson's claims, finding that he retained the functional capacity to perform sedentary work that did not require exposure to respiratory irritants or temperature and humidity extremes. (*Id.*) On September 24, 2009, the Appeals Council refused to review the ALJ's decision, thus rendering the decision final. (*Id.*) Benson commenced this civil action pursuant to 42 U.S.C. § 405(g) to challenge the Commissioner's final decision,[1] and on October 6, 2009, moved for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (*Id.*) On September 30, 2011, the Court granted Benson's application for judgment on the pleadings and remanded the case for further proceedings. Benson now seeks a fee award of $7,799, based on 43.05 hours of work on this case. (*Id.* at 1, Ex. A.)

## III. DISCUSSION

### A.   An Award of Attorney's Fees Under the EAJA

To qualify for an award of attorney's fees under the EAJA, a claimant must demonstrate that: (1) he is a "prevailing party;" (2) the Government's position in the underlying action was not "substantially justified;" (3) no "special circumstances" make the award of fees unjust; and (4) the fee application was submitted to the court within 30 days of the final judgment in the action. 28 U.S.C.A. § 2412(d)(1)(A). Components (3) and (4) are not at issue in the current application.

---

[1] Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision. 42 U.S.C. § 405(g).

2

1. **Benson is a Prevailing Party**

Under the EAJA, a party need not be awarded the ultimate relief sought to be considered the prevailing party for attorney's fees purposes. *McGill v. Sec'y of Health & Human Serv.*, 712 F.2d 28, 31 (2d Cir. 1983) (*quoting from Hanrahan v. Hampton*, 446 U.S. 754, 756-57 (1980)). Fee awards are appropriate where a party has established his entitlement to some relief on the merits of his claims. 28 U.S.C.A. § 2412(d)(1)(A). Benson brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision by the Commissioner. On September 30, 2011, the Court granted Benson's application for judgment on the pleadings and remanded the case under the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings. The adoption of the Report and Recommendation was a final judgment that qualifies Benson for prevailing party status. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Benson obtained a remand for further administrative proceedings requiring the ALJ to fully explain his reasons for rejecting Benson's treating physician's opinions. (Order at 1.)

2. **The Commissioner's Position Was Not Substantially Justified**

A court shall award attorney's fees under the EAJA "unless the court finds that the position of the United States was substantially justified." *Pierce v. Underwood*, 487 U.S. 552, 559 (1988) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for determining whether a position is "substantially justified" is one of reasonableness, and the Government has the burden of demonstrating reasonableness by a "strong showing." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (*quoting Envtl Def. Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983)). The Commissioner's position can be justified even though it is not correct, and it can be substantially justified if a reasonable person could think it correct or having a reasonable basis both in law and

3

fact. *Pierce,* 487 U.S. at 565 (1988). Where the government can show that its case had a reasonable basis both in law and fact, no award will be made. *Id.* at 579.

The Government must show that its position was substantially justified as to the issue upon which this Court remanded. *See Maxey v. Chater,* No. 93–CV–606 (RSP/GJD), 1996 WL 492906, at *3 (N.D.N.Y. Aug. 28, 1996). While there are various factors that may be considered in determining whether the position of the United States was substantially justified, if the case turns on a question of law, the government can show that its position was substantially justified even if its legal argument is ultimately rejected, if it can show that the question was close or unsettled. *Lugo v. Astrue,* No. 11 Cv 6028 (CJS), 2012 WL 4026848, at *3 (W.D.N.Y. Sept. 12, 2012).

In its prior Report and Recommendation, this Court found that the ALJ considered Benson's non-exertional impairments, and properly declined to call a vocational expert. (Report at 20-22.) The Court also found that the ALJ properly addressed Benson's residual functional capacity for sedentary work, including a function-by-function analysis of Benson's abilities. (*Id.* at 25.) The basis for the recommendation to remand was the failure of the ALJ to fully explain his reasoning for rejecting treating physician Dr. Dassa's finding of total disability. (Order at 1; *see* Report at 26.) Specifically, the ALJ did not refer to Dr. Dassa by name, and never recognized Dr. Dassa as Benson's treating physician. (Administrative Record ("A.R.") at 17-19, 21, 24.) As a result, the Court was unable to assess whether the ALJ properly evaluated whether to give controlling weight to Dr. Dassa's opinion. (Report at 23.)

The Government argues that although the ALJ does not refer to Dr. Dassa in his opinion, the ALJ was aware that the opinions from All Med Medical and Rehabilitation ("All Med") were those of Dr. Dassa. (Def.'s Mem. In Opp. To Pl.'s Mot. For Att'y Fees, 5-6.) The Government

4

argues that the ALJ's finding that the opinions of Benson's treating physicians at All Med and Morris Heights Health Center were "not supported by objective clinical findings and were inconsistent with the medical evidence of record" echoes the requirement in the regulations that treating source opinions be well-supported and consistent with other substantial evidence in the record. (*See* Def.'s Mem. in Supp. of His Mot. for J. on the Pleadings at 16; Tr. 21.) The Government also argues that the ALJ expressly discussed the examination records from All Med. (*See, e.g.*, Tr. 19 ("medical records [from All Med] do not reveal that the claimant has a history of debilitating back or knee pain").) According to the Government, the ALJ also identified the treating physician opinions he rejected by date, medical office, and exhibit number. (*See* Tr. 21.) Additionally, the Government argues that the letters and reports on which the ALJ relied were authored and/or signed by Dr. Dassa. (*See* Tr. 183, 259, 374-77.)

Although the ALJ's decision reasonably reflects that his analysis concerned Dr. Dassa's opinion, it does not follow that the ALJ must have properly applied treating physician regulations. As stated in this Court's Report and Recommendation, without the ALJ's recognition of Dr. Dassa as Benson's treating physician, there was no evidence that the ALJ considered the various factors mandated by the rules in assessing the weight of Dr. Dassa's opinions such that this Court could accept the ALJ's rejection of them. (*See* Report at 23.) Some of these factors include the extent and duration of the treatment relationship between Dr. Dassa and Benson and the evidence that supported Dr. Dassa's decision. (*Id.*) It simply is not enough for the ALJ to state the standard of the "treating physician rule" without a showing that the rule was in fact properly applied. *See Henriquez v. Chater*, No. 94-CV-7699 (SS), 1997 WL 45351 at *3 (S.D.N.Y. Feb. 7, 1997) (noting that a failure to mention the treating physician rule created a "confused record" and made it impossible for reviewing court to determine whether the

ALJ correctly applied the treating physician rule). When a treating physician provides a favorable report, the claimant is "entitled to an *express recognition* from the [ALJ] of the existence [of the treating physician's] favorable...report" and an explanation of why the ALJ does not credit the findings of that report. *Chase v. Astrue*, No. 11-CV-0012 (RRM), 2012 WL 2501028 at *10 (E.D.N.Y. June 28, 2012) (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (emphasis added). As the ALJ failed to expressly recognize Dr. Dassa and specifically identify factors assessing the weight of his findings, the ALJ's determination lacked a reasonable basis in law. (Report at 23.) Similarly, the Government's attempt to sustain that determination was not substantially justified. Accordingly, Benson's motion for attorney's fees should be **GRANTED.**

**B.    The Appropriate Rate for EAJA Fees**

The EAJA requires that the amount of feels "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Benson's attorney's proposed hourly rates of $180.83 for 2010 and $184.93 for 2011 represent the $125 rate for all civil actions under 28 U.S.C. § 2412(d)(2)(A), plus increases in the Consumer Price Index for All Urban Consumers ("CPI-U") averaged for 2010 and 2011. (*See* Cherry Decl. in Supp. of Mot. For Atty's Fees ¶ 13.) Benson has provided a chart prepared by the Office of General Counsel of the Social Security Administration, which reflects updated EAJA billing rates adjusted for cost of living. (*See* Pl.'s Mem., Ex. C.) Benson has also provided an itemized list of hours and tasks performed on this matter, current as of December 22, 2011. (*See* Pl.'s Mem., Ex. B.) The Court determines that counsel's documentation is sufficient

and that the hours were reasonably spent in vindication of Benson's rights. The Court also determines that a cost of living increase that is in line with the rates reflected in Exhibit C is appropriate. After multiplying the number of hours for which EAJA payments is sought (39.35 hours in 2010 and 3.7 hours in 2011), the total fee award for hours spent through December 22, 2011 is $7,799.

While Benson's counsel's itemized list includes hours worked on preparing Benson's motion for attorney's fees, it does not include time expended on this matter subsequent to the filing of the motion, including the time expended on Benson's reply memorandum. (*See id.*) As such, Benson's counsel is also entitled to recover fees for the hours she spent in connection with the present fee application after December 22, 2011. *Comm'r., I.N.S. v. Jean*, 496 U.S. 154, 166 (1990). It is recommended that any award of attorney's fees to Benson be accompanied with instructions that Benson's counsel submit a declaration and timesheets documenting additional hours reasonably spent in connection with the motion for attorney's fees and the applicable rates.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Benson's motion for attorney's fees be **GRANTED** in the amount of $7,799. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable John G. Koeltl, 500 Pearl Street, Room 1030, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and*

*Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: April 29, 2013**
**New York, New York**

Respectfully Submitted,

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

COUNSEL FOR PLAINTIFF
Montel A. Cherry
Manhattan Legal Services
90 John Street
Suite 301
New York, NY 10038

COUNSEL FOR DEFENDANT
Susan C. Branagan
Office of the U.S. Attorney
Southern District of New York
86 Chambers Street
New York, NY 10007